**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:23-cv-24177-RKA**

HYRON FIGUEREDO, individually
and on behalf of all others similarly
situated,

               Plaintiff,

   v.

TROPICALE FOODS, LLC,

               Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

Defendant Tropicale Foods, LLC ("Tropicale" or "Defendant"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff Hyron Figueredo's Class Action Complaint for the reasons set forth in the following Memorandum of Law.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

Plaintiff claims that the labels on Helados Mexico ice cream bars (the "Product"), which are styled after traditional Mexican "paletas," are misleading as to where the bars were made. Plaintiff asserts three theories of deception: the Product's brand name, imagery, and Spanish terms suggest the Product was physically made in Mexico, when it was really manufactured in the United States. But the label itself accurately reflects the Product's traditional style, flavors, and ingredients, and makes no reference to the Product being made in Mexico. Plaintiff cannot plausibly claim that reasonable consumers see these representations yet draw unreasonable inferences about where the Product was made.

Indeed, Judge Jesus G. Bernal in the Central District of California recently held as much

in granting a motion to dismiss nearly identical claims against Tropicale based on nearly identical allegations about the Product. *See Romero v. Tropicale Foods, LLC*, 2021 WL 6751908, at *1-2 (C.D. Cal. Dec. 22, 2021). That court was appropriately "skeptical that Plaintiffs will be able to state their claims given the packaging as analyzed above," *id.* at *6, and the suit was voluntarily dismissed thereafter (with no settlement or appeal). *Romero*, No. 21-cv-01165-JGB, Dkt. 28 (C.D. Cal.). Astonishingly, Plaintiff's counsel here was also a counsel of record in *Romero*, and is thus aware, firsthand, that the claims he asserts against Tropicale are frivolous.[1]

As detailed below, Plaintiff and his counsel should not be afforded a second bite at the apple in this case. The Court should dismiss the Complaint for at least four reasons.

---

[1] Plaintiff's counsel, Mr. Sheehan, filed a putative class action on behalf of plaintiff Murad Ferguson against Tropicale based on substantially similar allegations in July 2021. *See Ferguson v. Tropicale Foods, LLC*, No. 1:21-cv-03775, Dkt. 01 (E.D.N.Y. July 6, 2021). About a month later, he voluntarily dismissed the action, *id.* at Dkt. 05, and then joined *Romero*. *See Romero*, No. 21-cv-01165-JGB, Dkt. 16 (C.D. Cal. Sept. 23, 2021) (Amended Complaint adding Mr. Ferguson as a plaintiff and Mr. Sheehan to the signature block). Despite losing the *Romero* motion to dismiss and voluntarily dismissing that action, Mr. Sheehan now brings this putative class action, with no new or additional allegations that could possibly warrant such a filing. Perhaps this should come as no surprise, given that Mr. Sheehan is a self-proclaimed prolific filer. Reuters reports that Mr. Sheehan himself "has said that he filed more than 500 lawsuits between January 2020 and April 2023." Diana Novak Jones, *Lawyer in Hundreds of Food Labeling Lawsuits Hit with Contempt Order*, REUTERS, Nov. 30, 2023, https://www.reuters.com/legal/litigation/lawyer-hundreds-food-labeling-lawsuits-hit-with-contempt-order-2023-11-30/. As Senior Judge Frederick Scullin Jr. in the Northern District of New York noted, "Mr. Sheehan had filed no fewer than 18 [putative class] actions in the Northern District of New York since 2021, . . . none of which had proceeded past the motion to dismiss phase of litigation [because] in many cases, Mr. Sheehan appears to swiftly seek voluntary dismissals before the defendant even files an answer or a dispositive motion." *Brownell v. Starbucks Coffee Co.*, No. 5:22-cv-1199, Dkt 41, at 2-3 (N.D.N.Y. Nov. 30, 2023). The court went on to find that "Mr. Sheehan acted in bad faith when he commenced this action; and, as such, the Court holds Mr. Sheehan in contempt for his conduct in this matter." *Id.* at 19. Shortly thereafter, Judge Seibel of the Southern District of New York dismissed Mr. Sheehan's amended complaint with prejudice, holding he failed to allege a laundry detergent label was misleading, and noted he "regularly brings such claims and then withdraws them . . . in the face of a motion to dismiss. The Court again questions how counsel can continue to bring such claims in good faith, as he plainly knows he will be unable to justify them." *Adeghe v. The Proctor & Gamble Co.*, No. 22-CV-10025, Dkt. 32 at 6 n.3 (S.D.N.Y. Jan. 2, 2024) (internal citation omitted).

*First*, the *Romero* opinion is factually analogous, persuasive authority as Plaintiff here has not alleged any new or additional facts that would require an alternative analysis.

*Second*, Plaintiff fails to plausibly allege that the labels are likely to deceive a reasonable consumer, as required to state a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Reasonable consumers could not interpret the name of the brand, "Helados Mexico," as a statement that the Product was manufactured in Mexico. Nor could a reasonable consumer draw that conclusion from the label's image of a refrigerated pushcart, or Spanish phrases, accompanied by English translations, that accurately describe the Product's style of ice cream, ingredients, and flavors. In addition, Plaintiff's FDUTPA claim fails to adequately allege that the purportedly deceptive advertising caused him to suffer injury.

*Third*, Plaintiff fails to state a claim both under Florida's False Advertising Law ("FAL") and for common law fraud. In addition to failing to state an actionable misrepresentation, Plaintiff also fails to adequately plead materiality. Nor has Plaintiff adequately pled how Tropicale intended to induce his reliance or that Plaintiff actually relied on the alleged misrepresentations prior to purchasing the Product, as required for both these claims.

*Finally*, each of Plaintiffs' claims, which sound in fraud, fail to satisfy Rule 9(b)'s heightened pleading standards.

For these reasons and for those discussed further below, Plaintiff's Complaint should be dismissed in its entirety.

## II.     RELEVANT BACKGROUND

### A.     PLAINTIFF'S ALLEGATIONS

#### 1.     <u>The Products at Issue</u>

As Plaintiff describes in the Complaint, paletas are "fruit and cream-based frozen desserts

on sticks, known as 'popsicles,'" that can be traced back to the village of Tocumbo in Michoacán, Mexico during the 1940s. Compl. ¶¶ 9-10, 12. Paletas have quickly grown in popularity, and over the past 20 years of global trade and immigration, paletas have reached beyond Mexico, to the United States. *Id*. ¶¶ 19-20. Today, Tropicale manufactures and sells paletas in a variety of traditional flavors under the Helados Mexico brand, which consumers can purchase at grocery stores, drug stores, and other retailers. *Id*. ¶¶ 21, 54.

### 2.   <u>Helados Mexico Packaging</u>

The front of the packaging prominently states the "Helados Mexico" brand name. Compl. ¶ 21 (image). The brand name is comprised of the Spanish word "Helados" (which translates to "ice creams") beside the word "Mexico," and is accompanied by an illustration of a blue refrigerated pushcart. *Id*. Beneath the brand name is the bilingual statement: "Premium Ice Cream *Paleta De Crema." *Id*. Next, the label states, "Con Crema," and a bilingual description of the product's flavor, "Fresa Strawberry." *Id*. Towards the bottom of the label is, again, a bilingual description of the contents of the package: "6 Bars/Paletas." *Id*. True and correct images of the front and back of two boxes of strawberry cream paletas sold during the period of time Plaintiff alleges to have purchased the products are attached as Exhibits A and B to the Declaration of Hyder Raheem, attached hereto as **Exhibit 1**.[2]

Next, the Complaint contains an image of an individually wrapped strawberry fruit paleta, which contains similar bilingual text to describe the product and its flavor: "Premium Fruit Bar *

---

[2] The Product's packaging in its entirety is properly considered in this Motion to Dismiss because Plaintiff includes images of portions of the packaging throughout the Complaint and repeatedly references the packaging label. *See* Compl. ¶¶ 21(image), 22, 32 (image), 39, 44, 68, 83, 84, 92, 107, 112; *see also Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) (considering label attached to motion to dismiss because "[u]nder the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity").

Paleta De Fruta" and "Fresa Strawberry." *Id.*

Finally, the Complaint provides a partial image of the back of an assorted variety box of paletas. *Id.* ¶ 32. The back of the assorted variety box states that it contains "30 Bars * Paletas [of] Strawberry * Fresa; Mango; Coconut * Coco." *Id.* The back of this box also states that it was distributed by Tropicale from "Ontario, CA." *Id.* (circled for emphasis in the Complaint); *see* Ex. 1 at Ex. C (true and correct copy of the 2023 to present label for an assorted variety box of paletas).

### 3. <u>Plaintiff's Alleged Purchases and Claims</u>

Plaintiff allegedly purchased the Product in one or more varieties between September 2019 and September 2023 from various stores "in Miami-Dade County, and/or other areas." Compl. ¶ 66. Plaintiff claims he relied on the Product's packaging to expect the Product was made in Mexico, and that he "did not expect that the Product was made in California instead of Mexico." *Id.* ¶¶ 68-69. Plaintiff claims the Product was worth less than he paid because it was not "from Mexico." *Id.* ¶¶ 71-72.

Plaintiff asserts three claims: (1) violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*; (2) violation of Florida's False Advertising Law, Fla. Stat. § 817.41; and (3) common law fraud under Florida law. Plaintiff asserts these claims on behalf of a putative statewide class. *Id.* ¶ 73.

### B. THE RELATED *ROMERO* DECISION

Significantly, Plaintiff's counsel here has already tried and failed to maintain nearly identical allegations against Tropicale. *See Romero*, 2021 WL 6751908, at *1-2. The *Romero* plaintiffs alleged that Helados Mexico products were false or misleading under the same three theories of deception alleged here: that the brand name, the Spanish descriptions on the packaging, and the packaging's imagery suggest the Product was physically made in Mexico, when it was

really manufactured in the United States. *See id.* at *4-6; Compl. ¶ 22 (alleging the at-issue representations include the brand name, the pushcart image, and Spanish words). The *Romero* plaintiffs alleged that they, too, "reasonably and justifiably relied on Defendant's misleading, and fraudulent conduct when purchasing the Products" and "paid an unlawful premium for the Products [as they] would have paid significantly less for the Products had they known that the Products were not made in Mexico." *See Romero*, No. 1:21-cv-03775, Dkt. 16 (hereinafter, "*Romero* Compl."), ¶¶ 39, 67; *see* Compl. ¶¶ 94, 98. And while Plaintiff purports to bring claims under FDUTPA, Florida's FAL, and fraud on behalf of a putative class of Florida consumers, *Romero* asserted analogous claims under the California Consumer Legal Remedies Act, California False Advertising Law, California Unfair Competition Law, and New York Gen. Bus. Law sections 349 and 350, and for breach of implied warranty on behalf of a putative nationwide class of consumers and subclasses of California and New York consumers.[3] *See Romero* Compl. ¶¶ 41-44. The *Romero* court granted Tropicale's Rule 12(b)(6) motion to dismiss the Amended Complaint in full, dismissing each of the plaintiffs' causes of actions, after considering the three deceptive theories pled in the Amended Complaint.

As to the brand name, the *Romero* plaintiffs alleged "'Helados Mexico' translat[es] to 'Mexican ice cream,' [which] create[d] the misleading impression that the products are Mexican ice creams made in Mexico." *Id.* ¶ 2. Plaintiff makes similar claims here. *See* Compl. ¶ 43. The *Romero* court correctly rejected this theory:

> "Helados Mexico" does not translate into "Mexican Ice Creams." "Helados" is
> plural while Mexico is singular. Instead, it translates inelegantly to "ice creams

---

[3] *Romero* involved the same Helados Mexico brand name, blue refrigerated pushcart image, and Spanish phrases at issue here, albeit *Romero* separately involved another product line sold by Tropicale under the brand name La Michoacana and claims that the plaintiffs relied on off-label Helados Mexico advertising, such as wraps found on the side of trucks and freezer containers at stores. *See Romero* Compl. ¶¶ 27-32.

Mexico." … Plaintiff does not cite any authority which holds, or even suggests, that product names in a foreign language are, by default, deceptive to a reasonable consumer. Further, the fact that [the] product names include "Mexico" and a reference to Michoacán is insufficient to allege that reasonable consumers could be deceived.

2021 WL 6751908 at *4-5.

Second, the *Romero* plaintiffs, like Plaintiff here, alleged that the words "Mexico," "paletas," "paletas de frutos," "paleta de crema," and "con crema" express or imply that the Product was manufactured in Mexico when it was not. *Romero* Compl. ¶ 2; Compl. ¶¶ 68, 69. The court held that the "Products' nongeographic phrases in Spanish" would not mislead reasonable consumers as to the Product's origin. 2021 WL 6751908 at *5. The *Romero* court found

[t]he "Helados Mexico" package features the following phrases in Spanish only: the product name "Helados Mexico" and the phrase "Con Crema" above "Strawberry/Fresa" in the top right corner of the package. In both languages, in the same size font, are the following phrases: premium ice cream/paleta de crema and bars/paletas. . . . The products here . . . are rather scant in Spanish phrases that would mislead a reasonable consumer. Instead, the vast majority of the "phrases" are translations rather than Spanish idioms or some other type of phrase that may mislead a consumer about the products origin, such as "A Taste of Mexico" or "Authentic Mexican Ice Cream."

*Id.* Thus, the court found that even "if the 'Spanish phrases' are sufficient to make a claim that a product['s] packaging misleads reasonable consumers about its origin, it is far less likely to be the case [where, like here,] (1) the phrases are translations and (2) affirmative representations are only in English." *Id.*

Third, Judge Bernal considered the packaging imagery and found "[t]he most prominent imagery on the packages is that of the ice cream bars and strawberries, which account for about two-thirds of the front side of the package." *Id.* Moreover,

Plaintiffs also fail to explain why a cartoon of an "ice cream cart" is "Mexican," let alone "traditional" enough to evoke Mexico[.] Neither image evokes "Mexico" in such a way that would deceive a reasonable consumer into the belief that the products are manufactured there. Neither the cartoon woman nor the cartoon cart includes colors that hint at an association with Mexico (such as the Mexican flag

> colors). . . . If Plaintiffs were correct, then any symbol that has some widely accepted connection with Mexico could be described as "traditional" and therefore misleading—such as a cartoon sombrero. This cannot be the case.

*Id*. at \*5-6. Further, *Romero* noted that the Product label is unlike those where "there is some direct tie between the packaging imagery and a (false) representation about the product's authenticity as to origin or quality. That is absent here. The Products' imagery falls ***far short*** of a 'symbol of authenticity' that is likely to deceive a reasonable consumer." *Id*. at \*6 (emphasis added).

Following its thorough and "holistic review" of the packaging, the *Romero* court granted the motion to dismiss. *Id.* Although it gave leave to amend, the court "[was] skeptical that [p]laintiffs will be able to state their claims given the packaging as analyzed above." *Id*. Presumably recognizing reality, the plaintiffs voluntarily dismissed their claims soon after. *See Romero*, No. 1:21-cv-03775, Dkt. 28. There was no settlement or appeal. *See* Groves Decl. (attached hereto as **Exhibit 2**).

## III.   LEGAL STANDARDS

### A.   RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), courts may dismiss a complaint for failure to state a claim where a plaintiff fails to sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a claim to be plausibly alleged, it must "permit the court to infer more than the mere possibility of misconduct[.]" *Marrache v. Bacardi U.S.A., Inc.*, 2020 WL 434928, at \*1 (S.D. Fla. Jan. 28, 2020) (quoting *Iqbal*, 556 U.S. at 679). Under this standard, pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, courts are not required to accept unreasonable inferences or the truth of "legal conclusions couched as factual assertions," *Iqbal*, 566 U.S. at 678, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Walker v. Com. Indus. Serv. Co.*, 2013 WL 12043500, at \*1 (S.D. Fla. Oct. 1, 2013).

    **B.**    **RULE 9(b)**

    Plaintiff must meet both the *Iqbal*/*Twombly* plausibility pleading standard and the heightened pleading standard under Federal Rule of Civil Procedure 9(b) for all three alleged claims, which each sound in fraud. Rule 9(b) requires a plaintiff to plead the "who, what, when, where, and how of the allegedly false statements[.]" *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). "The particularity requirement of Rule 9(b) is satisfied if the complaint alleges facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Matheny v. Medco Health Sols., Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012) (citations and quotations omitted).

    Counts II and III, violation of the FAL and common law fraud, must comply with Rule 9(b). *See Meridian Tr. Co. v. Batista*, 2018 WL 4760277, at \*4 (S.D. Fla. Sept. 30, 2018) (finding that because "misleading advertising is a particularized form of fraud," Rule 9(b) applies) (citations and quotations omitted); *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, No. 15-CIV-80352, 2016 WL 4254257, at \*2 (S.D. Fla. Feb. 16, 2016). While case law in this District is admittedly mixed on Rule 9(b)'s applicability to FDUTPA claims, courts have consistently applied Rule 9(b)'s heightened pleading to FDUTPA claims that sound in fraud. *E.g.*, *USA Nutraceuticals Grp., Inc.*, 2016 WL 4254257, at \*3; *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, No. 20-CV-23392, 2021 WL 3666312, at \*12 (S.D. Fla. Aug. 18, 2021). The FDUTPA claim here clearly sounds in fraud as it based on the same conduct that forms the basis for Plaintiff's fraud claim. *Compare* Compl. ¶ 83 ("The labeling of the Product violated FDUTPA because the representations and omissions expressly and impliedly conveyed it was from Mexico . . . which was unfair and

deceptive to consumers, since it was not from Mexico"), *with id.* ¶ 103 ("Defendant's conduct was and continues to be fraudulent because it misleads consumers into believing the Product was from Mexico even though it was from California"). Thus, Rule 9(b) applies to all three claims.

## IV.    ARGUMENT

### A.    PLAINTIFF FAILS TO STATE A PLAUSIBLE FDUTPA CLAIM

#### 1.    Plaintiff Does Not Allege That the Product Label Is Likely to Mislead Reasonable Consumers

Plaintiff has not plausibly alleged that Tropicale's labels are deceptive and likely to deceive reasonable consumers. *See* Fla. Stat. § 501.204(1). "The elements comprising a consumer claim for damages under FDUTPA are: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Piescik v. CVS Pharmacy*, 576 F. Supp. 3d 1125, 1132 (S.D. Fla. 2021) (citation and quotations omitted). An act is deceptive if it involves a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007). "This standard requires a showing of probable, not possible, deception that is likely to cause injury to a reasonable relying customer." *Id.* (quotations omitted).

*First*, Plaintiff has not plausibly alleged a FDUTPA claim based on the Helados Mexico brand name and accompanying symbol, a blue pushcart. Plaintiff asserts that the phrase "Helados Mexico" is not a "truthful representation of geographical origin" because the Product is from California. *See* Compl. ¶ 39. But the phrase is not a representation of geographical origin at all. Instead, as *Romero* correctly held, "Helados Mexico" does not translate to "Mexican Ice Creams," nor does it translate to "Made in Mexico." 2021 WL 6751908, at *4-5. "Helados Mexico" and the accompanying blue pushcart do not convey any meaning beyond identifying the brand and signaling that its ice creams are styled after traditional paletas. Thus, Plaintiff has not plausibly

10

pled the brand name and accompanying imagery would deceive a reasonable consumer. *See Cummings v. Growers*, 2023 WL 3487005, at *3-4 (N.D. Fla. May 15, 2023) (granting motion to dismiss FDUTPA claim where plaintiff "has not plausibly alleged deception" based on "the use of the 'Smokehouse' term and other package imagery").

*Second*, Plaintiff fails to explain why the use of Spanish terms and phrases on the Product packaging would mislead a reasonable consumer. Plaintiff's allegation that the appearance of Spanish terms contributes to the overall impression that these products were made in Mexico does not plausibly state a claim for relief. Compl. ¶¶ 43, 44, 68, 83. This is particularly implausible given the fact that all the Spanish terms found on the front of the box (with the sole exception of the rather obvious "con crema"), are accompanied by English translations in equivalent font sizes. *Id.* ¶ 21 (image of Product's box stating, "Premium Ice Cream * Paleta de Crema," "Strawberry Fresa," and "6 Bars/Paletas" in equally sized fonts). Further, the right panel of the early 2021 to mid-2022 box states "Strawberry Cream" above the barcode to clarify "con crema." *See* Ex. 1 at Ex. A. Each of these phrases simply reflects the flavors and ingredients included in the ice creams, and their inclusion in Spanish reflects the style they are meant to emulate and the tradition they celebrate. No reasonable consumer would conclude from these bilingual phrases that the Product was physically made in Mexico—just as no reasonable consumer would assume their store-bought gelato product was necessarily made in Italy, or that their Dijon mustard (even with references to Paris and the words "Depuis 1747" and "Que Maille") was made in France. *See Culver v. Unilever U.S., Inc.*, 2021 WL 2943937, at *7-9 (C.D. Cal. June 14, 2021).

Further dooming Plaintiff's claim is the fact that he has conceded the back of an assorted variety box of paletas he purchased states that it was distributed by Tropicale from "Ontario, CA." Compl. ¶ 32.; *see* Ex. 1 at Ex. C (true and correct copy of the 2023 to present label for an assorted

variety box of paletas). The right panel of the mid-2022 to present label for the box of strawberry cream paletas purchased by Plaintiff contains the same statement. Ex. 1 at Ex. B. And the right panel of the early 2021 to mid-2022 label for the box of strawberry cream paletas, also purchased by Plaintiff, contains the additional statement that the Product was "Made in the USA" with an accompanying American flag. *Id.* at Ex. A; *see* Compl. ¶ 66 (alleging Plaintiff purchased the strawberry cream paletas between September 2019 and September 2023). While not necessary to defeat his claims, these disclosures further demonstrate the implausibility of Plaintiff's allegations. For example, in the case *Gallagher v. Lactalis American Group, Inc.*, 2023 WL 6224881, at \*2-3 (W.D.N.Y. Sept. 21, 2023), the court granted a motion to dismiss a FDUTPA claim, holding that the statement "Europe's Leading Cheese Expert," a depiction of a "gold olive branch wreath," and the word "feta" stylized in "ancient-Greek font" were not likely to deceive a reasonable consumer into thinking that the product was made in Greece or another European country, "in the absence of any statement that the product was made in Greece," coupled with a statement that the product is distributed in "Buffalo, NY." Likewise, here, the phrases and images on the Product would not mislead a reasonable consumer because they make no reference to the Product being made in Mexico, but instead state the Product is distributed in "Ontario, CA," with the early 2021 to mid-2022 labeling also stating "Made in the USA." Ex. 1 at Exs. A–C. Other district courts have reached the same conclusion.[4]

---

[4] *See also Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 674-76 (E.D.N.Y. 2017) (granting motion to dismiss New York consumer protection claims because beer label discloses it is produced in Georgia and Texas and "the images of a kangaroo and a constellation 'and allusion to the company's historic roots in [Australia] are eclipsed by the accurate disclosure statement'"); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 391 (E.D.N.Y. 2017) (granting motion to dismiss New York consumer protection claims because the beer discloses the product origin in either Wisconsin, USA or Ontario, Canada and the use of Japanese imagery was a tribute to the history and heritage of the company and therefore would not mislead a reasonable consumer).

For this reason, Plaintiff's apparent attempt to rely on "omissions" also fails to allege a plausible FDUPTA claim. *See, e.g.*, Compl. ¶¶ 84, 89-90. *See Piescik*, 576 F. Supp. 3d at 1133 (granting motion to dismiss FDUTPA and FAL claims, finding "the asterisk on the back of the hand sanitizer clearly discloses to the consumer that it does not kill 99.99% of all germs, and a reasonable consumer would not be expected to ignore the asterisk and the information it leads to. The presence of true information or a disclaimer can rebut a claim of deception.").

*Finally*, although *Romero* is not binding precedent on this Court, it correctly applied the same "reasonable consumer test" under California and New York consumer protection statutes that applies under FDUTPA. *See Kurimski v. Shell Oil Co.*, 570 F. Supp. 2d 1228, n.7 (S.D. Fla. 2021); *Simmons v. Ford Motor Co.*, 592 F. Supp. 3d 1262, 1293 (S.D. Fla. 2022). Further, *Romero* aptly relied on analogous case law that remains applicable here. *See, e.g.*, *Dumas v. Diageo PLC*, 2016 WL 1367511, at *3 (S.D. Cal. Apr. 6, 2016) (reasoning that "[t]he mere fact that the word[s] 'Jamaica' and 'Jamaican' appear on the packaging [of Red Stripe beer] is not sufficient to support a conclusion that a consumer would be confused regarding the origin and ingredients of the beer"); *Culver*, 2021 WL 2943937, at *8 (granting motion to dismiss, noting the use of French words and "Paris," without any "contaminate words or references to a geographic source or origin . . . were insufficient to delineate a basis, other than unfounded supposition, for a consumer to believe that the products were made in France"). In fact, case law addressing geographic origin claims since the 2021 *Romero* decision have only reinforced the correctness of Judge Bernal's reasoning. These more recent decisions have consistently held at the Rule 12 stage that references to a foreign country, the use of foreign language on a product label, and other imagery are not deceptive or misleading as to the product's country of origin, after reviewing the labeling as a whole and considering the challenged statements in context. *See, e.g.*, *Hardy v. Olé Mexican Foods, Inc*., 616

F. Supp. 3d 247, 250-51 (W.D.N.Y. 2022) (granting motion to dismiss, holding "no reasonable consumer would view the representations" on the "tortilla packaging, which contained a mixture of Spanish and English phrases and words" "and automatically conclude the tortillas were manufactured in Mexico when the representations say nothing about the country of origin and the disclaimer on the back of the packaging expressly states where the tortillas are made"); *Eshelby v. L'Oréal USA, Inc.*, 2023 WL 2647958, at *4 (S.D.N.Y. Mar. 27, 2023) (granting motion to dismiss, noting "[e]ven for the products that contain French-language text, the facts alleged here do not plausibly state a claim for relief" because "none of the text on the labels, either in English or in French, make any representation as to the country of manufacture, save for the English disclosures on the back of each label correctly stating the country where the product is made"); *Steinberg v. Icelandic Provisions, Inc.*, 2022 WL 220641, at *1 (N.D. Cal. Jan. 25, 2022) (holding that reasonable consumers would not be misled by yogurt label where the front stated "Icelandic Provisions" and "Traditional Icelandic Skyr" and had an "image of a countryside with a snow-covered backdrop" while the back label stated it was made in, and distributed in, New York).

Tellingly, the primary Rule 12 decision that the *Romero* plaintiffs relied on, *de Dios Rodriguez v. Ole Mexican Foods Inc.*, 2021 WL 1731604 (C.D. Cal. Apr. 22. 2021), was later revisited by the same judge, Judge Bernal, after the plaintiff's untimely death and substitution of a new named plaintiff, La Barbera. "[B]ased on the current state of the law, the [c]ourt [found] the conclusion reached in the [*de Dios Rodirguez*] MTD Complaint Order untenable." *La Barbera v. Ole Mexican Foods Inc.*, 2023 WL 4162348, at *7 (C.D. Cal. May 18, 2023). The court thus dismissed the newly named *La Barbera* action without leave to amend, holding a reasonable consumer would not be misled by "(a) the phrase 'El Sabor de Mexico!' or 'A Taste of Mexico!'; (b) a Mexican flag on the front and center of the packaging; and (c) the brand name 'La

Banderita,'" into thinking the products were made in Mexico. *Id*. at *3. The court noted, "[v]irtually all of the words on the Products' labels are in English, not Spanish, and even most of the Spanish words or phrases are translated into English," and the label's "imagery evokes Mexican heritage, which is truthful, rather than misleading: tortillas originate from Mexico." *Id*. at *14-15.

Plaintiff has failed to state a claim and his Complaint should be dismissed.

### 2.    <u>Plaintiff Does Not Plausibly Allege Causation</u>

Plaintiff's FDUTPA claim must also be dismissed because it impermissibly relies solely on "labels and conclusions" to plead causation. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. "[C]ausation is a necessary element of [a] FDUTPA claim, and causation must be direct rather than remote or speculative." *Lombardo v. Johnson & Johnson Consumer Cos.*, 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015). A plaintiff does not adequately plead causation if he fails to plead "any deception that was likely to deceive a reasonable consumer." *Molina v. Aurora Loan Servs., LLC*, 2016 WL 11783324, at *4 (S.D. Fla. July 18, 2016) (citations and quotations omitted).

Plaintiff fails to allege that a reasonable consumer, having been exposed to the alleged deceptive representations, would be deceived into thinking the Product was made in Mexico and, as a result of this belief, buy the Product. Instead, Plaintiff submits a YouTube video from an actor/comedian who calls himself "Hollywood Moises" that purports to support the notion that a reasonable consumer would think the Product was from Mexico. Compl. ¶ 30, n.2. Most of the video by this self-described "YouTuber with awesome storytelling abilities"[5] is spent complaining that "mini paletas" are too small for his liking and attempting (and failing) to eat one in a single bite to prove his point. *Id*. at n.2. Yet even Hollywood Moises himself apparently was reasonable

---

[5] *See* http://www.hollywoodmoises.com/about.html (last visited Jan. 4, 2024).

enough to read the entirety of the Product label, which he admitted stated the Product was made in California. *Id.* ¶¶ 30 n.2, 31-32. How a reasonable consumer, considering all the information provided to them on the Product's box and label, could purchase the Product because it was made in Mexico is beyond plausibility. *See Piescik*, 576 F. Supp. 3d at 1132.

Having also failed to allege causation, Plaintiff's FDUTPA claim should be dismissed. *See Molina*, 2016 WL 11783324, at *4 (granting motion to dismiss FDUTPA claim where plaintiff "failed to allege causation"); *Navtech US Surveyors USSA Inc. v. Boat/Us Inc.*, 2019 WL 3219667, at *3 (M.D. Fla. July 17, 2019) (finding that where complaint failed to "say how the deceptive website misleads and causes injury to a reasonably relying consumer[, it] thus fails to state a plausible FDUTPA claim").

## B.   PLAINTIFF FAILS TO STATE CLAIMS FOR FALSE ADVERTISING AND FRAUD

Plaintiff fails to plausibly allege his false and misleading advertising and common law fraud claims, let alone meet the heightened pleading standard required under Rule 9(b).

The elements required to plead a violation of Florida's FAL mirror those required to plead common law fraud. To state a claim under FAL, a plaintiff must plead that he relied on alleged "misleading advertising," *see* Fla. Stat. § 817.41, in addition to the following elements of common law fraud in the inducement: "(1) misrepresentation of a material fact; (2) that the representor made the misrepresentation without knowledge as to its truth or falsity or under circumstances in which he ought to have known its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation." *Adams v. Carnival Corp.*, 482 F. Supp. 3d 1256, 1263-64 (S.D. Fla. 2020); *see also Smith v. Mellon Bank*, 957 F.2d 856, 858 (11th Cir. 1992); *Meridian Tr. Co.*, 2018 WL 4760277, at *3.

16

1.   **Plaintiff Does Not State a Claim Under FAL or Common Law Fraud Based on an Omissions Theory**

To the extent Plaintiff bases his FAL and fraud claims on purported omissions, such as "Defendant omitted telling consumers the Product was not from Mexico, but California," Compl. ¶ 104, these allegations fail for the same reasons as those discussed above. *See supra* pp. 11-13; *see generally* Compl. ¶¶ 92-93, 99, 102, 108, 110, 113 (vaguely referring to "omissions").

Separately, Plaintiff fails to state a claim based on purported omissions because nowhere in the Complaint has he alleged a duty to disclose. *See Cummings*, 2023 WL 3487005, at *6; *see also Barrett v. Scutieri*, 2007 WL 9703152, at *2 (S.D. Fla. March 19, 2007) ("A knowing concealment or non-disclosure of a material fact can support an action for fraud only when there exists a duty to disclose the material information."). Because Tropicale did not omit information and otherwise has no duty to disclose, Plaintiff fails to state an omission claim under the FAL and common law fraud. *See id.*; *XP Global, Inc. v. AVM, L.P.*, 2016 WL 4987618, at *8 (S.D. Fla. Sept. 19, 2016).

2.   **Plaintiff Does Not State a Claim Under FAL or Common Law Fraud Based on a Misrepresentation Theory, Either**

For the reasons discussed above as to the FDUTPA claim, Plaintiff has failed to plausibly allege any misrepresentation based on geographic origin. *See supra* pp. 10-15. As a result, Plaintiff has also failed to allege a claim under FAL or common law fraud based on any false or misleading statements. *See Cummings*, 2023 WL 3487005, at *6; *Dixon v. Allergan USA, Inc.*, 645 F. App'x 930, 932-33 (11th Cir. 2016) (affirming dismissal of fraud claim because plaintiff failed to plead that defendant's alleged misrepresentations were in fact false or misleading). Dismissal on this basis alone is warranted.

**3.**      **<u>Plaintiff Does Not Sufficiently Plead a Statement of Material Fact or Tropicale's Knowledge of Its Alleged Falsity</u>**

In addition to failing to plausibly allege a misstatement, Plaintiff has failed to plead facts sufficient to show that Tropicale's alleged misrepresentations were of a material fact and that Tropicale should have known its representations were false or misleading. *See Adams*, 482 F. Supp. 3d at 1263-64; *Meridian Tr. Co.*, 2018 WL 4760277, at *3.

Plaintiff's formulaic recitation of the materiality element does not measure up to the heightened pleading standard required under Rule 9(b). *See* Compl. ¶ 93 ("Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions."); *id.* ¶ 105. Specifically, Plaintiff does not explain how the Product's place of manufacture was material to his decision to purchase it. Plaintiff merely states that he "values authenticity in the products he buys" and makes an implausible leap that he expects paletas to be made in Mexico, just as he expects olive oil to be made in Italy, no matter that olive oil is produced all around the world. *See id.* ¶ 67. These allegations are insufficient as they do not explain how or why the Product's alleged misrepresentations were material to Plaintiff's purchase decision.

Moreover, other allegations in Plaintiff's Complaint directly negate any notion of "materiality." For example, the Complaint states that "[e]ach year, more 'paleterias' open in American communities," and that paletas have expanded "beyond Mexico" for at least the "past 20 years" due to "global trade and immigration." *Id.* ¶¶ 19, 20. Plaintiff also cites a webpage titled, "*The Paletero is a Latino Cultural Phenomenon that is Becoming an American Icon*," which only proves the point: paletas are popular within the United States, and not because consumers believe they are all manufactured in Mexico. *Id.* ¶ 15, n.1 (attached hereto as **Exhibit 3**).[6] Ex. 3 at 1-2

---

[6] The article hyperlinked in footnote 1 of the Complaint is inaccessible and thus was retrieved via the archival website known as the Wayback Machine. A true and correct copy of the archived

("Offering a tasty variety of ***Mexican style*** popsicles and ice cream treats as well as candy and sometimes chips or soda, the paletero has become one of those pleasant things that is a welcome site on a hot day. While starting in mostly Latino neighborhoods, the paletero has made his way into the mainstream. Now paleteros can be seen in many areas throughout the city. Everywhere from downtown upscale shopping districts to suburban middle-class neighborhoods now feature the familiar site of the paletero.").[7]

Finally, because all Products specifically state they were distributed from "Ontario, CA," Plaintiff has failed to plausibly allege that Tropicale knew or should have known its representations were false or misleading as to the Product's geographic origin. *See supra* pp. 10-15; Compl. ¶ 32; Ex. 1 at Exs. A–C.

In short, the allegations do not adequately plead a representation of material fact that Tropicale knew or should have known was false or misleading under Rule 9(b)'s heightened pleading standard. *See Buffalo Trump Tower One, LLC v. TRG Sunny Isles V, Ltd.*, 2009 WL 10667160, at *6 (S.D. Fla. Mar. 19, 2009) (holding failure to state fraud claim because "even if false, [the statement] is not material").

### 4.     Plaintiff Does Not Sufficiently Plead Inducement or Reliance

Plaintiff has not pled, and cannot plausibly plead, that Tropicale intended to induce reliance on a false representation, and that Plaintiff suffered injury in justifiable reliance on the representation. *See Adams*, 482 F. Supp. 3d at 1264. In apparent support of inducement, Plaintiff

---

article is attached as Exhibit 3 for the Court's convenience. *See Hi-Tech Pharms., Inc.*, 910 F.3d at 1189.

[7] Further, Helados Mexico's paletas are apparently still good enough for Hollywood Moises even though he knows they are made in the United States, considering that he asked the company to send him a year's supply of paletas in the video linked in the Complaint. Compl. ¶ 30, n.2. This further reiterates the implausible nature of Plaintiff's allegations with respect to materiality.

points to alleged research he claims Tropicale conducted relating to how consumers develop expectations based on a product's visual information. *See* Compl. ¶ 106. Yet Plaintiff pleads no plausible connection between Tropicale's desire to understand a product's visual information and an intent to induce consumers to rely on purported statements conveying the Product is made in Mexico. These claims fall woefully short of Rule 9(b)'s heightened pleading standards. *See Cummings*, 2023 WL 3487005, at *6.

Plaintiff further fails to allege precisely how he relied on Tropicale's allegedly false representations in buying the Product. Plaintiff conclusively states he "relied" on the Product's representations to expect it was made in Mexico. *See* Compl. ¶ 68; *id.* ¶ 113 (reciting the conclusory allegation that "Plaintiff and class members read and relied on Defendant's express and implied representations and omissions before purchasing the Product"). These allegations again do not meet Rule 9(b)'s heightened pleading standard as Plaintiff does not offer even one specific instance of when, or even what year, he saw and read the Product label in a store, or that he read both the front and back of each of the labels embedded in the Complaint. Without more, Plaintiff fails to plead allegations sufficient to state a claim under FAL and for common law fraud. *See Serra-Cruz v. Carnival Corp.*, 2019 WL 13190647, at *6 (S.D. Fla. Feb. 12, 2019) (dismissing FAL and fraud claims where allegation that plaintiff "justifiably relied" on alleged misrepresentations was "entirely conclusory"); *Barrett*, 2007 WL 9703152, at *3.

## V.    CONCLUSION

For the foregoing reasons, Tropicale respectfully requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice, and the Court award all such relief to Tropicale that is appropriate.

Dated: January 9, 2024

Respectfully submitted,

*/s/ David A. Coulson*
DAVID A. COULSON
Florida Bar No. 176222
ELISA H. BACA
Florida Bar No. 1003009
EVAN S. GILBERT
Florida Bar No. 1048747
**WINSTON & STRAWN LLP**
200 S. Biscayne Blvd., Suite 2400
Miami, FL 33131
Tel.: (305) 910-0500
Email: DCoulson@winston.com
       EBaca@winston.com
       EGilbert@winston.com

**WINSTON & STRAWN LLP**
AMANDA GROVES
(*pro hac vice* application forthcoming)
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
Tel.: (213) 615-1700
Email: AGroves@winston.com

*Counsel for Defendant Tropicale Foods, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that the foregoing is served on all counsel of record by email generated by the CM/ECF system.

*/s/ David A. Coulson*
DAVID A. COULSON
